Dukeshane Torres Palk - CDCR No. P85510
State Prison, Corcoran. GI-1-162-L
P.O. Box 5244
Corcoran, CA 93212

FILED
CLERK, U.S. DISTRICT COURT
JUN 10 2010
CENTRAL DISTRICT OF CALIFORNIA
BY ____ DEPUTY

1.
2.
3. Pro Per.
4.
5.        United States District Court
6.        Central District of California
7.
8. Dukeshane Torres Palk,      Case No. CV-05-04439-RSWL (CTX)
    Plaintiff,             Motion For Reconsideration Pursuant
9.    v.                     To Local Rule (L.R.) 7-18(a)(b)(c) "OR"
                               In The Alternative Objection To The May, 28
                               2010 Order Pursuant To A Partial Finding
10. Jeanne Woodford et. al.     In The Motion And Hearing On Motion For
    Defendant.            Withdraw Pursuant To L.R. 83-2.9.2.1
11.
12.
13.
14. Plaintiff Dukeshane Torres Palk comes now before this court in the civil
15. action Dukeshane Torres Palk v. Jeanne Woodford et.al. CV-05-04439
16. RSWL (CTX) In This Motion For Reconsideration Pursuant to L.R. 7-18(a)(b)(c)
17. Or In The Alternative Objection To The May 28, 2010 Order Pursuant
18. To A Partial Finding In The Motion And Hearing On The Motion For With-
19. drawl L.R. 83-2.9.2.1 For The Following Reasons And Grounds That: (a) A
20. material difference in fact or law from that presented to the Court before
21. such decision that in the exercise of reasonable diligence could not have
22. been known to the party moving for reconsideration at the time of such dec-
23. ision, or (b) the emergence of new material facts or a change of law occurring
24. after the time of such decision, or (c) a manifest showing of a failure
25. to consider material facts presented to the court before such decision.
26. Plaintiff pursuant to Fed.R.Civ.Proc. Rule 26(c) a protective
27. order is appropriate if counsel recognizes any lodged exhibits by plaintiff
28. that qualify as attorney client communication privilege FTN.I-A
FTN I-A Plaintiff asserts such protection on the grounds that all informational
exhibits were discussed over a wire tap phone with counsels approval.
So what is privileged is unknown. See 845 F.Supp. 1409 Cunningham v.
Connecticut Mut. Life. Ins. (S.D. Cal. 1994) 845 F.Supp. 1408

1. PLAINTIFF ON OR ABOUT APRIL 19, 2010 WAS NOTIFIED BY CORRESPONDENCE
2. THAT PRO BONO COUNSEL PROSKAUER ROSE LLP WAS PREPARING TO FILE
3. A MOTION TO WITHDRAW BASED ON SEVERAL GROUNDS MAINLY "REFUSAL TO
4. COOPERATE WITH US AND ACCEPT OUR ADVICE... REGARDING CORRESPONDENCE
5. PLAINTIFF SENT TO PROSKAUER IN LATE MARCH AND MOTION DATED APRIL 5,
6. 2010 WHICH PLAINTIFF FILED TO THE COURT. PROSKAUER OBJECTS CLAIMING:
7. PLAINTIFF DID NOT GET THEIR CONSENT AND "WITHOUT DISCUSSING IT WITH PROSKAUER
8. ALLEGING PLAINTIFF WAS DISSATISFIED WITH PROSKAUERS REPRESENTATION OF HIM:
9. PLAINTIFF HAS REPEATEDLY QUESTIONED PROSKAUERS CAPABILITIES AND STRATEGY
10. PLAINTIFF ATTACHED PRIVILEGED COMMUNICATIONS TO THE 4-5-2010 MOTION
11. ATTEMPT TO EXPAND THE SCOPE OF PROSKAUERS REPRESENTATION TO INCLUDE OTHER
12. PARTIES; AND A MYRIAD CLAIMS CONCERNING PLAINTIFF'S CURRENT, ONGOING
13. MEDICAL CARE PROSKAUER DID NOT AGREE TO REPRESENT PLAINTIFF ON CITING
14. ALL OF THIS UNDER CAL. R. PROF'L CONDUCT 3-700(C)(1)
15. PLAINTIFF WAS NOTIFIED BY ORDER OF THE COURT THAT ON MAY 26, 2010
16. THE COURT PLANS ON VIEWING COUNSEL'S MOTION TO WITHDRAWL AND
17. PLAINTIFF WAS ADVISED THAT HE MAY SUBMIT A RESPONSE TO PLAINTIFFS COUN-
18. EL'S REQUEST TO WITHDRAWL AS ATTORNEY... EXPLAINING PLAINTIFFS POSITION
19. ABOUT PROSKAUERS REQUEST TO WITHDRAW. PLAINTIFF HAD TO CALL COUNSEL
20. TO GET THE ORDER THE CALL TOOK PLACE ON MAY 10, 2010  COUNSEL
21. CLAIMED THE ORDER WAS SENT OUT ON THE SAME DAY THE ORDER WAS ENTERED.
22. SO PLAINTIFF RECEIVED THE COURTS ORDER POSSIBLE THE 15TH OR 16TH
23. OF MAY 2010. PLAINTIFF IMMEDIATELY NOTIFIED THE LIBRARY TECHNICIAN
24. ASSISTANT (LTA) THAT PLAINTIFF NEEDED PRIVILEGED LIBRARY USAGE. THE
25. PRISON IS IMPLEMENTING A MAXIMUM NOT MINIMUM (4) HOURS OF
26. LIBRARY USAGE A WEEK. AND THAT IS NOT FOR SURE, THE G-YARD
27. IS GOING THROUGH A MAJOR TRANSITION FTN. 1 - THE LIBRARY IS ALSO SHARED
28. FTN.I MENTAL CARE INMATES ARE BEING PHYSICALLY SEPERATED FROM GENERAL POPULATION INMATES AND FENCING IS BEING CONSTRUED WE ARE LOCKED DOWN MINIMUM MOVEMENT.

1. WITH F-YARD INMATES, WE G-YARD CANNOT BE MIXED WITH F-YARD.
2. PLAINTIFF HAD (4) DAYS IN THE LIBRARY TOTALING (8) HOURS PLAINTIFF
3. FINISHED HIS ANSWER (RESPONSE) ON 5-19-010 AND SENT IT TO THE
4. COURT. THE RESPONSE RETURNED ON MAY 26, 2010 UNDELIVERED PLAINTIFF
5. IMMEDIATELY SENT IT BACK OUT CALLED PROSKAUER COUNSEL S. SIGMON EXPLAI-
6. NING. SHE NOTED THAT A COPY WOULD BE GIVEN TO THE JUDGE ON THE
7. NEW HEARING DATE 5-28-010. ACCORDING TO COUNSEL'S DESCRIPTION OF
8. THE EVENTS THAT TOOK PLACE AT THE MAY 28, 2010 HEARING PLAINTIFF'S
9. RESPONSE WAS NOT CONSIDERED... ACCORDING TO THE EVENTS THAT TRANSPIR-
10. ED AT THE HEARING THE COURT ORDERED HIS FINAL DECISION WILL BE RE-
11. NDERED ON 6-29-2010 IN RE MOTION TO WITHDRAW A PARTIAL
12. RULING WAS MADE UNTIL THE 6-29-2010 HEARING THE COURT ASKED
13. THE PARTIES TO CONTINUE WITH THE SCHEDULING AND THE CONDUCTING OF THE
14. DEPOSITION OF PLAINTIFF. THE COURT ALSO SUGGESTED A MEDIATION OR SETT-
15. LEMENT CONFERENCE COULD BE CONDUCTED DURING THAT SAME PERIOD.
16.    THE COURT MENTIONED HE THOUGHT THERE WERE GROUNDS TO GRANT
17. THE WITHDRAW MOTION. AND THE COURT SPECIFICALLY INSTRUCTED COUNSEL TO
18. INFORM PLAINTIFF THAT, IF THERE ARE ANY CONTINUING PROBLEMS
19. IN THE ATTORNEY-CLIENT RELATIONSHIP, THE COURT WILL ALLOW THE FIRM
20. TO WITHDRAW AND HE WILL NOT APPOINT NEW PRO BONO COUNSEL. THE
21. COURT HAS A POLICY OF NOT APPOINTING NEW PRO BONO COUNSEL. IN
22. THAT EVENT, YOU WOULD PROCEED IN PRO PER. (YOU MEANING PLAINTIFF)
23. FINALLY THE COURT VACATED ALL REMAINING DEADLINES.
24.
25.
26.
27.
28.

PLAINTIFF DID NOT HAVE SUFFICIENT TIME TO SUBMIT HIS REPLY MOTION WITH THE PROPER LEGAL BASIS TO WITHSTAND COUNSELS MOTION TO WITHDRAWL

CORCORAN PRISON HAS ENFORCED A (4) HOUR MAXIMUM LEGAL LIBRARY USAGE EFFECTING PLAINTIFF'S DEADLINE

According to May 10, 2010 when Plaintiff requested the courts order from Counsel notifying Plaintiff of the hearing date of Counsel's motion to withdrawl as attorney's. Plaintiff did not receive this document until approximately the 15th or 16th of May. The hearing date was May 26, 2010. Plaintiff believed he had (12) days to answer or reply to Counsel's motion. Plaintiff was privileged to have special access to library usage for legal research. Unfortunately Corcoran (SATF) is applying the minimum library usage by law (4) hours a week as the maximum allowance of legal library usage for court deadlines; which is clearly an incorrect application of the law. Plaintiff had approximately (8 HRS) total to work on his reply. As the court is aware Counsels motion was not confined to just state rules of professional conduct but cited federal cases such as MAX V. HERNANDEZ No. 04 CV 1189-1 (AJB), 2007 WL 2990080, *1 (S.D. CAL. OCT. 11, 2007); FLEURY V. RICHEMOUNT N. AM., INC., No. C-05-4525 EMC 2007 WL 2457586 (N.D. CAL. AUG. 27, 2007 cases Plaintiff could not get access to.

Being a lay-man in the application of law Plaintiff arranged a reply within (10) days of the May 3, 2010 order he would not have made the deadline because counsel for Plaintiff did not send the order out until May 10, 2010 and it is mandatory that you (inmates) have the courts order to establish a deadline to receive preferred library usage (DIQ) a catch-22. Hindsight, Plaintiff sent out his insufficient reply on May 19, 2010 but it was sent back to the prison

1. ON THE 26TH OF MAY 2010 AS IT COULD NOT BE FORWARDED TO THE COURT. (FTN 2.)
2. PLAINTIFF IMMEADIATELY SENT IT BACK TO THE COURT CALLED COUNSEL AND
3. ARRANGED FOR MRS. SUSAN SIGMON TO TAKE THEIR COPY MAKE A DUPLICATE
4. AND GIVE IT TO THE COURT ON MAY 28, 2010 BECAUSE MAY 26 WAS
5. CANCELLED. (MONTAYE SIGMON, HALBRODY, KEITH RUTTER ATTORNEYS SHOULD
6. HAVED DROPPED OFF THE REPLY)... So PLAINTIFF CANNOT BE HELD RESPONSIBLE FOR
7. THE LATE REPLY. IF IT IS COUNSEL IS FULLY RESPONSIBLE FOR NOT SENDI-
8. NG THE ORDER OF THE COURT TO PLAINTIFF IN A TIMELY MANNER MAKING
9. COUNSEL NEGLIGENT AND POSSIBLY ESTOPPED FROM THE CLAIM OF WITHDRAWL
10. OR SANCTIONED BY LOCAL RULES - CENTRAL DISTRICT OF CALIFORNIA (SEE L.R.
11. 7-10, L.R. 7-12, L.R. 7-13, SEE ALSO L.R. 83-7, L.R 83-2.10.4) AND
12. ANY OTHER SANCTIONS PURSUANT TO LOCAL RULES THE COURT FINDS APPROPRIATE
13. ... AND ANY FURTHER DISCIPLINE MANDATED PURSUANT TO L.R. 83-3,
14. 83-3.1, L.R. 83-3.1.2, SEE ALSO CA-EVID. CODE SEC. CITED AS AUTHORITIES
15. ACCORDINGLY PLAINTIFF HAS MET THE REQUIREMENTS OF L.R. 7-18 MOTION
16. FOR RECONSIDERATION IN THAT GROUNDS EXIST AS TO (a) A MATERIAL DIFF-
17. ERENCE IN FACT OR LAW FROM THAT PRESENTED TO THE COURT BEFORE SUCH
18. DECISION THAT IN THE EXERCISE OF REASONABLE DILIGENCE COULD NOT HAVE BEEN
19. KNOWN TO THE PARTY MOVING FOR RECONSIDERATION AT THE TIME OF SUCH DECI-
20. SION, (b) THE EMERGENCE OF NEW MATERIAL FACTS ... OCCURRING AFTER THE TIME
21. OF SUCH DECISION. ALSO ... (c) A MANIFEST SHOWING OF A FAILURE TO CONSIDER
22. MATERIAL FACTS PRESENTED TO THE COURT BEFORE SUCH DECISION.
23. NOTE: EVEN FILING THIS MOTION FOR RECONSIDERATION PLAINTIFF HAD MAYBE
24. (4) HOURS TO RESEARCH ON THE ISSUE RAISED AS A LAY-MAN OF THE LAW
25. THEREFORE A MATERIAL DIFFERENCE IN FACT AND LAW EXISTS, AND REASONABLE DILI-
26. GENCE WAS USED TO MEET THE REPLY REQUIREMENTS IN THE SHORT TIME TO REPLY...
27. WAS NOT KNOWN BEFORE THE COURTS DECISION. ALSO EMERGENCE OF NEW MATERIAL FACTS OCC-
28. URRING AFTER THE COURTS DECISION. A MANIFEST SHOWING OF A FAILURE TO CONSIDER

FTN II PLAINTIFF WHEN USING THE TERM INSUFFICIENT REPLY MEANS COUNSEL DID NOT GIVE PLAINTIFF ENOUGH TIME TO REPLY SUFFICIENTLY ACCORDING TO STATE AND FEDERAL STATUTES

1. MATERIAL FACTS PRESENTED TO THE COURT BEFORE SUCH DECISION. BASED ON THE SHORT
2. TIME TO REPLY.
3.         PROSKAUER ROSE IS ESTOPPED FROM ALLEGING PLAINTIFF BEFORE COUNSELS FILING OF MOTION TO WITHDRAWL WAIVED ATTORNEY-CLIENT
4.         PRIVILEGE COMMUNICATIONS.
5.
6. COUNSEL, SUSAN SIGMON, HAL BRADY, KEITH BUTLER HELD VITAL STRATEGIC ATTORNEY-CLIENT COMMUNICATIONS
7. OVER A PRISON PHONE LINE IGNORING THE FEDERAL WIRE
8. TAP ACT.
9.     THE VENERABLE DOCTRINE OF EQUITABLE ESTOPPEL OR ESTOPPEL IN PAIS, WHICH
10. RESTS FIRMLY UPON A FOUNDATION OF CONSCIENCE AND FAIR DEALING, [FN. OMITTED]
11. FINDS ITS CLASSICAL STATEMENT IN THE WORDS OF LORD DENMAN: [T]HE RULE OF
12. LAW IS CLEAR, THAT, WHERE ONE BY HIS OWN WORDS OR CONDUCT WITFULLY CAUSES
13. ANOTHER TO BELIEVE THE EXISTENCE OF A CERTAIN STATE OF THINGS, AND INDUCES
14. HIM TO ACT ON THAT BELIEF, SO AS TO ALTER HIS OWN PREVIOUS POSITION, THE
15. FORMER IS PRECLUDED FROM AVERRING AGAINST THE LATTER A DIFFERENT STATE
16. OF THINGS AS EXISTING AT THE SAME TIME ..."[CITATION] (IN RE ESTATE OF
17. BONNANO, 80 CAL. RPTR. 3d 570 CITING FEDUNIAK V. CALIFORNIA COASTAL COM.
18. (2007) 148 CAL. APP. 4TH 1346, 1359, 56 CAL. APP. 4TH 1346, 1359, 56 CAL.
19. RPTR. 3d 591.)
20.     ACCORDING TO THE LAW AN ATTORNEY-CLIENT PRIVILEGE AUTHORIZES
21. A CLIENT TO REFUSE TO DISCLOSE, AND TO PREVENT OTHERS FROM DISCLOS-
22. ING, CONFIDENTIAL COMMUNICATIONS BETWEEN ATTORNEY AND CLIENT. WEST'S
23. ANN CAL. EVID. CODE 950 ET. SEQ. 208 CAL. RPTR. 886, 37 CAL. 3d 591
24. MITCHELL V. SUPERIOR COURT (CAL. 1984) (SEE ALSO MITCHELL AT 208 CAL.
25. RPTR. 890.) ATTORNEY SUSAN SIGMON HAD NOTIFICATION THAT CDCR PURS-
26. UANT TO THE FEDERAL WIRE TAP ACT MONITORED ALL OUTGOING INMATES CALLS...
27. BUT IN THEE ALTERNATIVE CORCORAN LITIGATION UNIT COULD SET UP AN SEMI
28. OR CONFIDENTIAL ATTORNEY-CLIENT PRIVILEGE PHONE CALL. NOT ONLY MRS.

1. SIGMON, BUT SENIOR ATTORNEY AL BRODY AND KEITH BUTLER FAILED TO ADVISE
2. PLAINTIFF OF HIS RIGHT TO "REFUSE TO DISCLOSE, AND PREVENT OTHERS FROM DIS-
3. CLOSING, CONFIDENTIAL COMMUNICATIONS BETWEEN ... PROSKAUER ... AND ... PLAIN-
4. TIFF." VIOLATING ATTORNEY-CLIENT PRIVILEGE. PLAINTIFF A LAY-MAN OF THE LAW
5. ALLOWED COUNSEL IGNORANTLY AND UNKNOWINGLY TO REVEAL ALL STRATEGY
6. TO BE TRANSPIRED MISLEAD TO THINK IT WAS OKAY. PLAINTIFF'S CLAIMS IN
7. HIS 42 USC 1983 INCLUDES MENTAL AND PSYCHOLOGICAL DAMAGES PURSUANT
8. TO 42 USC 1997(e)(c THEREFORE COUNSEL HAD KNOWLEDGE THAT PLAINTIFF
9. SUFFERS POST TRAUMATIC DISORDER AND SPEAKING OVER A KNOWN RECORD-
10. ED LINE GAVE PLAINTIFF THE IMPRESSION THAT HE HAD NO REPRESENTATION
11. AND PROSKAUER WAS FOR THE BENEFIT OF CDCR AND DEFENDANTS." A PARTICIPA-
12. TION TO A TELEPHONE COMMUNICATION IS EXEMPT FROM THE PROHIBITION AGAI-
13. NST RECORDING THE COMMUNICATION ONLY IF THE OTHER PARTICIPANT KNOWS
14. THAT IT IS BEING RECORDED. PEOPLE V. SUITE, 201 CAL. APP. 3d 680, 161 CAL.
15. RPTR. 825 (1980) CITED AS AUTHORITY IN NISSAN MOTOR CO., LTD V. NISSAN
16. COMPUTER CORP., (C.D. CAL. 2002) SEE CAL. PEN. SEC. 632(c). 632 P.C.
17. SEE ALSO DEETER V. ANGUS 179 CAL. APP. 3d 241, 224 IN PART: "WE HAVE
18. GENERALLY HELD THAT, IN ORDER TO WAIVE THE ATTORNEY-CLIENT PRIVILEGE,
19. THE CLIENT MUST DISCLOSE THE CONTENTS OF A CONFIDENTIAL COMMUNICATION."
20. SEE NEIL V. INVESTMENT (INDICATORS) RESEARCH AND MANAGEMENT, INC. 647
21. F. 2d 18, 24 (9TH CIR. 1981) IF REGULAR ROUTINE IS RECORDING INMATE
22. PHONE CALLS ... THEN CDCR ... "CANNOT BE LIABLE FOR DISCLOSING CONTENTS
23. OF SUCH TELEPHONE CALLS." GREENFIELD V. KOOTENAI COUNTY (C.A. 9 IDAHO)
24. 1985, 752 F. 2d 1387. LEGALLY PROSKAUER WAS NOT AUTHORIZED TO
25. PERMIT DISCLOSERS OVER RECORDED PHONE LINES (SEE CAL. EVID. CODE 944.
26. (a) AND (b)) (SEE CAL. PEN. SEC. 632(a) AND SUBD (b) PROSKAUER
27. AS A PARTY TO THE CONFIDENTIAL COMMUNICATION ALLOWED CDCR TO RECORD
28. CONFIDENTIAL INFORMATION, REGARDLESS OF ITS USE OR DISPOSAL) FTN III.

FTN.III SEE CASE U.S. V. VAN POYCK 77 F. 3d 285 (9TH CIR. 1996) "NO EXPECTATION OF PRIVACEY U.S. AT 77 F.3d 290-292 (SEE ALSO 18 USCA SEC. 2511(2)(c)

1. PURSUANT TO THE AUTHORITIES CITED AND L.R. 83.-3.1.2. STANDARD OF PROFESSI-
2. ONAL CONDUCT - BASIS FOR DISCIPLINARY ACTION, AND THE STATE BAR OF CALIFORNIA,
3. SUCH PROFESSIONAL CONDUCT CONTAINED IN THE STATE BAR ACT. COUNSEL'S MOTION
4. IS BOUND BY EQUITABLE ESTOPPLE AND SUCH CONTRACT AGREEMENTS DRAW UP
5. BY PROSKAUER IS TO GENERAL AND OVER BROADLY WRITTEN CAUSING THE WAIV-
6. ER OF ATTORNEY-CLIENT PRIVILEGED COMMUNICATION. SINCE THIS ACT OF
7. COUNSEL WAS THE PRIMARY VIOLATION OF THE RELATIONSHIP ANY ACTION
8. OF PLAINTIFF SHOULD BE NULL AND VOID. DUE TO STRATEGIC BREACH WAS
9. FIRST MANIFEST BY COUNSEL'S, BUT PLAINTIFF IS BEING ACCUSED OF NOT ACCEPT-
10. ING PROSKAUERS TRUST TO ACT IN PLAINTIFF'S BEST INTEREST IN CONNECTION
11. WITH THIS LITIGATION. HAL BRODY (COUNSEL) STATED: "YOU ATTACHED OUR PRIVI-
12. LEGED COMMUNICATIONS WITH YOUR APRIL 5, 2010 MOTION. THAT ACCUSATION
13. IS INTOLERABLE WHEN ALL COMMUNICATIONS WERE CARRIED OUT OVER A
14. RECORDED PHONE LINE "EVERYTHING" A PRISONER'S VOLUNTARILY MADE
15. CHOICE EVEN HOBSON'S CHOICE TO USE TELEPHONE HE KNOWS MAY BE MONIT-
16. ORED IMPLIES HIS CONSENT TO BE MONITORED. THUS WE STATED IN UNITED
17. STATES V. FAULKNER 439 F.3d 1221, 1225 (10TH CIR. 2006) THAT "WE HAVE NO
18. HESITATION IN CONCLUDING THAT A PRISONER'S KNOWING CHOICE TO USE A
19. MONITORED PHONE IS A LEGITIMATE CONSENT' UNDER THE WIRE TAP ACT NOR
20. IS THE PRISONER'S EXPRESS CONSENT NECESSARY; IMPLIED CONSENT WILL SATISFY
21. THE STATUTE THAT BY THIS TERM WE MEAN ACTUAL CONSENT INFERRED FROM CIRCUMSTANCES OTHER
22. THAN AN EXPRESS DECLARATION AND NOT CONSTRUCTIVE CONSENT IMPLIED BY
23. OPERATING OF LAW (SEE UNITED STATES V. CORONA-CHAVEZ 328 F.3d 974, 978
24. -79 (8TH CIR. 2003) CITED IN VERDIN-GARCIA V. US 516 F.3d 884, 894 (10TH
25. CIR. 2008) SEE ALSO CA. EVID. SEC. 954, EVID SEC. 952, CAL. EVIDC.
26. SEC. 912 SEE OUTDOOR V. SUPERIOR COURT 109 CAL. RPTR. 2d 865, 91 CAL.
27. APP 4TH 334 (CAL. APP. 2 DIST 2001) SHOULD PROSKAUER BE RELIEVED OF ITS DUTY
28. PLAINTIFF ASKS THE COURT TO INVESTIGATE THE ATTORNEY CLIENT PROFESSIONAL MISCONDUCT...

PLAINTIFF'S SUPPLEMENTAL JURISDICTIONAL CLAIMS WERE RELATED TO PLAINTIFF'S CURRENT MEDICAL CONDITION.

COUNSEL ADVISED PLAINTIFF TO FILE A STATE HABEAS CORPUS INVOLVING PLAINTIFF'S ONGOING MEDICAL CONDITION.

    COUNSEL ADMITTED TO NOTIFYING DEFENSE ATTORNEY HEIDI SALERNO IN THAT PLAINTIFF'S MEDICAL CARE WAS CONSISTING OF DELAYS IN PAIN MEDICATION. THIS CONTINUED SO PLAINTIFF ASKED COUNSEL TO CONSIDER COURT ASSISTANCE. COUNSEL BELIEVED THAT TO BE INJURIOUS TO THE CASE, BUT COUNSEL THOUGHT HABEAS CORPUS WAS APPROPRIATE FOR PLAINTIFF TO FILE IN ORDER TO MAINTAIN MEDICAL CARE. THROUGH PLAINTIFF'S RESEARCH HE FOUND THAT IF ACTIONS FILED PURSUANT TO AN HABEAS CORPUS ARE LOST SUCH CLAIMS CANNOT BE BROUGHT TO FEDERAL COURT UNDER 42 USC 1983. THIS DISSUADED PLAINTIFF AS HE HONESTLY THOUGHT IF HIS MEDICAL CONDITION QUALIFIED AS ONGOING AND HE RECEIVED A DENIAL IN COURT (HABEAS CORPUS PROCEEDINGS) IT WOULD HAVE A DIRECT EFFECT ON PLAINTIFF'S FEDERAL CIVIL ACTION PAIK V. WOODFORD.

    SINCE THE COURTS APPOINTED COUNSEL PLAINTIFF NOTIFIED THE COURTS THAT HE HAD MEDICAL ISSUES UNRESOLVED AND CONTACT WITH COUNSEL HAS BEEN CONTINUOUSLY EFFECTED. IN REALITY COUNSEL CONTRACT IS OVERLY BROAD AND GENERAL AND DID NOT FORBID PLAINTIFF FROM CONTACTING THE COURT. SINCE COUNSELS ADVICE IN RELATION TO HABEAS CORPUS WAS TO FILE IT DISREGARDING ITS EFFECT ON PLAINTIFF'S ACTION COUNSEL IS ESTOPPED FROM MAKING CLAIM THAT PLAINTIFF WENT AGAINST THEIR ADVICE NOT TO NOTIFY THE FEDERAL COURTS. FURTHERMORE PLAINTIFF BELIEVES COUNSEL IS NOT EXEMPT FROM ADDRESSING HIS SUPPLEMENTAL JURISDICTIONAL CLAIMS (STATE CLAIMS) IN STATE IF THEY ARE ONGOING. BASED ON THE FACT THAT PLAINTIFF COULD PREVAIL ON THE STATE ISSUE AND NOT THE FEDERAL ISSUES IN HIS 42 USC 1983 CIVIL ACTION.

PLAINTIFF IS LEAD TO BELIEVE THAT THE COURTS PARTIAL FINDINGS LEADING TO THE JUNE 29, 2010 HEARING SANCTIONED PLAINTIFF.

2. THE COURTS RULING THAT IF FURTHER PROBLEM IN ATTORNEY-CLIENT RELATIONSHIP
3. HE WILL ALLOW THE FIRM TO WITHDRAW AND HE WILL NOT APPOINT
4. NEW PRO BONO COUNSEL. THE COURTS ARE AWARE THAT IT FOUND PLAINTIFF'S
5. CASE TO BE COMPLICATED WITH NUMEROUS ISSUES AND NUMEROUS DEFENDANTS,
6. REQUIRING APPOINTMENT OF COUNSEL. THE COURT DOES NOT EXPLAIN
7. ITS POSITION AND REALIZES THAT FACTS OF THE CASE HAVE NOT CHA-
8. NGED AND TO ORDER PLAINTIFF TO TRIE THE ISSUES OF THE CASE WOULD
9. BE FUNDAMENTALLY UNFAIR AS IT FOR SURE WOULD BE ONE FOR LOSS.
10. IT IS SETTLED THAT WHEN THE PARTY... ESTOPPED DOES NOT SAY OR DO ANY-
11. THING, ITS SILENCE AND INACTION MAY SUPPORT ESTOPPLE ONLY IF IT HAD
12. A DUTY TO SPEAK OR ACT UNDER PARTICULAR CIRCUMSTANCES. THE GOVERN-
13. MENT IS NOT IMMUNE FROM THE DOCTRINE, AND IT MAY BE APPLIED WHERE
14. JUSTICE AND RIGHT REQUIRE IT. (FEDUNIAK V. CALIFORNIA COASTAL COM'N 56
15. CAL. RPTR. 3d 591, 602, 600, 148 CAL. APP. 4TH 1346. (CAL. APP. 6 DIST. 2007)
16. ) PLAINTIFF DID NOT HAVE ACTUAL KNOWLEDGE OF THE TRUE FACTS BUT DID
17. NOT HAVE NOTICE OF FACTS SUFFICIENT TO PUT A REASONABLY PRUDENT
18. PERSON UPON INQUIRY, THE PURSUIT OF WHICH WOULD HAVE LEAD TO ACTUAL
19. KNOWLEDGE BEING THE EQUIVALENT OF KNOWLEDGE. COLE V. CITY OF LOS
20. ANGELES 232 CAL. RPTR. 624-626, 187 CAL. APP. 3d 1369 CITING LA RUE
21. V. SWOAP (1975) 51 CAL. APP. 3d 543, 551, 124 CAL. RPTR. 329. PLAINTIFF
22. SUGGESTS THAT TO DENY PLAINTIFF'S CASE TO BE RESUBMITTED DUE TO
23. A COURT POLICY AND NOT ONE OF STANDARDS OF PROFESSIONAL CONDUCT
24. LR. 83-3.1.2. SEEING THAT PLAINTIFF HAS BEEN MISINFORMED FROM THE
25. BEGINNING. THE ESTOPPLE IS PROPERLY BROUGHT AS LAWYERS PROFESSIONAL
26. CONDUCT IS BASED ON STATE LAW; PLAINTIFF IN THIS INSTANCE WOULD
27. BE PREJUDICED. "PLAINTIFF HAS THE RIGHT TO KNOW HOW THE COURT
28. CAME TO ITS LEGAL CONCLUSIONS, AND HOW FAULT ENDED WITH PLAINTIFF."

PAIK, DUKESHANE
_____
PLAINTIFF/PETITIONER

VS

JEANNE WOODFORD ET., AL.
_____
DEFENDANT/RESPONDANT

CASE NO CV-05-04439-RSWL(CTX)

PROOF OF SERVICE BY MAIL

I the undersigned, hereby declare:

(1) I am a citizen of the United States; (2) I am over the age of 18 years. I am a residence of Kings County, in California.

My mailing address is Post Office Box 5242 Corcoran, California 93212-5242

On JUNE 8TH, 2010, I served a true copy or original copy of the following;
MOTION FOR RECONSIDERATION / ALTERNATIVE OBJECTION TO THE MAY 28, 2010 ORDER.

by placing said document(s) in a sealed postage paid envelope into the CSATF/State Prison at Corcoran mail box for delivery to the United States Post Office at Corcoran, California, addressed as followed;

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
312 No. SPRING ST. #G-8
LOS ANGELES, CA 90012-4793

PROSKAUER ROSE
ATTORNEY'S
2049 CENTURY PARK EAST
SUITE 3200
LOS ANGELES, CA 90067-3206

by placing said document(s) in a sealed Interdepartmental envelope into the California CSATF Facility Legal Mailbox for inner-institutional delivery to the below listed person(s) at the following addresses;

And that this declaration was executed under the penalty of perjury at Corcoran, California 93212-5242, on JUNE 8TH, 2010.

DUKESHANE T. PAIK
_____
PRINTED NAME (DECLARANT)

/s/ DTP
_____
SIGNATURE (DECLARANT)